OPINION OF THE COURT
John T. Casey, J.
The petitioners* in this article 78 proceeding seek a judgment setting aside three determinations of the respondent, the State Tax Commission of the State of New York. The issue presented with regard to each of those determinations is whether the respondent acted arbitrarily and capriciously in determining that a resident of New York State may not claim on his personal State income tax return a net operating loss deduction in excess of the amount of the net operating loss deduction claimed by that individual on his Federal income tax return.
George M. Gregory, William Gregory, III, and James H. Sheils were partners in a partnership known as Gregory & *606 Sons, which was engaged in the security brokerage business in New York City. In 1969, Gregory & Sons sustained a substantial net operating loss. Each partner reported his distributive share of that net operating loss on his joint 1969 Federal and New York State resident income tax returns which he filed with his wife. Each petitioner filed amended Federal and State tax returns for years immediately preceding 1969, and claimed a refund for income taxes paid in those years. The claims for refunds were granted in full by the Internal Revenue Service. The claims for refunds were granted in part and denied in part by the Department of Taxation of the State of New York. The petitioners protested the partial denial of their claims. The matters were consolidated and formal hearings were held. On October 3, 1973, the State Tax Commission issued three separate determinations (one applicable to each partner and his spouse) and held in each determination that the amount of the net operating loss deduction which may be claimed by a New York State resident on his personal income tax return may not exceed the amount which that individual claimed on his Federal income tax return for that year. Thereafter, the petitioners instituted this proceeding.
Subdivision (a) of section 612 of the Tax Law provides: "The New York adjusted gross income of a resident individual means his federal adjusted gross income as defined in the laws of the United States for the taxable year, with the modifications specified in this section.”
Generally, the modifications referred to in that subdivision consist of either adding certain items to the Federal adjusted gross income that were not included in computing adjusted gross income for Federal income tax purposes, but which must be included in computing adjusted gross income for State income tax purposes, or deducting from the Federal adjusted gross income items which were included in computing adjusted gross income for Federal income tax purposes, but which are not included in computing adjusted gross income for State income tax purposes. In each of the tax years to which the determinations herein challenged apply, the New York State adjusted gross income and New York State taxable income of the petitioners exceeded their Federal adjusted gross income and taxable income because of the additions required under subdivision (a) of section 612.
There is no specific statutory provision whereby a New York State resident is allowed a deduction for net operating loss or *607 whereby such a resident is allowed to carry back or carry forward a net operating loss to tax years other than the tax year in which the loss was sustained. The New York State resident has the advantages of deducting a net operating loss and carrying back or carrying forward the unused portion of that deduction only insofar as such items are, for Federal income tax purposes, deducted from the gross income of a taxpayer to arrive at the adjusted gross income of that taxpayer.
According to the respondent, in the instant cases, after the net operating loss deduction was taken on the Federal return of each taxpayer the adjusted gross income of that taxpayer for that year was zero. Then, according to the respondent, the modifications under section 612 of the Tax Law must be added to that Federal adjusted gross income of zero. The petitioners contend, in essence, that they should be allowed a net operating loss deduction equal to the amount of the deduction on their Federal income tax returns plus an amount equal to the sum of the modifications required by subdivision (a) of section 612.
In support of their position, the petitioners have cited, among other authorities, Matter of Avien (532 F2d 273) and Matter of Graham v State Tax Comm. (48 2d 444, affd 40 NY2d 889). Both of those cases are inapposite. Avien dealt with a situation wherein the Administrative Code of the City of New York specifically authorized a net operating loss deduction. (Matter of Avien, supra, p 274, n 2.) This being so, the Circuit Court of Appeals determined that the city by making such a specific reference had conclusively evidenced a legislative intent to provide a taxpayer with the full benefit of the net operating loss deduction. Furthermore, Avien dealt with the issue of whether the net operating loss supporting a deduction claimed for State income tax purposes for a tax year must be incurred in the same year as the net operating loss supporting a deduction claimed on the Federal income tax return for that year. Avien did not involve a situation where the amount of the net operating loss deduction on the State income tax return exceeded the amount of the deduction claimed on the Federal income tax return for that same tax year. Suffice it to say that in the present case, absent a specific legislative reference to a net operating loss deduction, this court cannot say that the State Tax Commission acted arbitrarily and capriciously when it limited the amount of that *608 deduction to the amount shown on the Federal return for that year.
Graham dealt with section 632 of the Tax Law of the State of New York and the tax return of a nonresident taxpayer. Graham stands for the proposition that if the Legislature requires a nonresident to report only the income from New York sources, that nonresident may deduct from that income a net operating loss sustained or connected with New York sources even though the taxpayer did not show a net operating" loss deduction on his Federal income tax return. Again, the court was dealing with a legislative design whereby a nonresident was required to report separately his New York income and New York loss. Section 612, as written, does not evidence a legislative intent to permit a resident taxpayer a net operating loss deduction in excess of the deduction claimed on his Federal return. (See Getty Oil Co. v Oklahoma Tax Comm., 563, P2d 627, 631 [Okla.]; contra Information Bulletin No. 4, Jan. 30, 1978, State of Indiana Depártment of Revenue.)
The petitioners are unable to point to any specific statutory authorization for a net operating loss deduction. Moreover, when section 612 of the Tax Law is followed as written the effect thereof is to limit the amount of the net operating loss deduction of a resident to the amount shown on his Federal income tax return for that year. The statutory construction of the respondent is neither irrational nor unreasonable and must, therefore, be upheld. (Matter of Howard v Wyman, 28 NY2d 434.)
I have considered the other arguments of the petitioners and find them to be without merit.
Petition dismissed.

 The petitioners are James H. Sheils and his wife, William H. Gregory, III, and his wife, and Mary L. Gregory, individually and as the executrix of the estate of George M. Gregory.