(No. 52078.—

BODINE ELECTRIC COMPANY, Appellant, v. ROBERT H. ALLPHIN, Director of Revenue, Appellee.

*Opinion filed September 15, 1980.*

Robert D. Boyle, of Tully, Roddy, Weinstein & Boyle, of Chicago, and Henry M. Grannan, of Chicago, for appellant.

William J. Scott, Attorney General, of Springfield (John D. WhiteNack, Special Assistant Attorney General, of Chicago, of counsel), for appellee.

MR. JUSTICE KLUCZYNSKI delivered the opinion of the court:

Plaintiff, Bodine Electric Company, filed a claim for refund of 1969 and 1970 Illinois income taxes with the

Department of Revenue, asserting that it was entitled to carry back and deduct a 1971 net operating loss in the taxable years 1969 and 1970 under the provisions of the Illinois Income Tax Act (Ill. Rev. Stat. 1971, ch. 120, par. 1—101 *et seq.*). Defendant, the Director of the Department of Revenue, ruled that plaintiff was not entitled to a refund of Illinois taxes for those years. On review, the circuit court of Cook County reversed the decision of the Department. Defendant appealed, and the appellate court reversed the circuit court's judgment and reinstated the determination of the Department of Revenue. Plaintiff appealed to this court pursuant to Rule 315 (73 Ill. 2d R. 315), and we granted leave to appeal. We now affirm.

The facts relevant to this appeal are not in dispute and are accurately developed in the appellate court opinion (70 Ill. App. 3d 844). Briefly restated, from 1968 through 1971, plaintiff filed consolidated Federal income tax returns with its wholly owned subsidiary, Microdyne, Inc. Subsequent to the enactment of the Illinois Income Tax Act in 1969, plaintiff and its subsidiary, in compliance with section 203(d)(2)(E) of the Act (Ill. Rev. Stat. 1971, ch. 120, par. 2—203(d)(2)(E)) filed separate returns for State tax purposes from 1969 through 1971. Plaintiff's 1971 separate Illinois tax return reflected a substantial net operating loss due to the sale of its interest in Microdyne and the sale of Microdyne's accounts receivable. Plaintiff's 1971 consolidated Federal income tax return reflected taxable income.

Throughout the relevant period, section 172 of the Internal Revenue Code (26 U.S.C. sec. 172 (1970)) permitted net-operating-loss deductions to be carried back three years from the taxable year in which the loss was sustained and then carried forward a maximum of five years until the entire loss was absorbed. The Department found that if plaintiff had filed its Federal return on a separate basis throughout the relevant period—a computa-

tion required for State income tax purposes by the recently enacted Illinois Income Tax Act (Ill. Rev. Stat. 1971, ch. 120, par. 2—203(d)(2)(E))—the returns would reflect Federal taxable income in the years 1968 through 1970. Its 1971 separate return would reflect a loss, due to the sale of Microdyne and its accounts receivable. In addition, the Department found that, if plaintiff had elected to carry back its 1971 net operating loss pursuant to section 172 of the Internal Revenue Code on its Federal return, this loss would have been absorbed by plaintiff's 1968 income, precluding any change in plaintiff's Federal taxable income for the years 1969 and 1970. Since the starting point in determining a corporation's Illinois income tax is its Federal taxable income (Ill. Rev. Stat. 1971, ch. 120, pars. 2—201, 2—202, 2—203(b)(1), 2—203(d)(1)), and since plaintiff's 1969 and 1970 Federal taxable income would not be affected by plaintiff's 1971 loss, the Department concluded that plaintiff was not entitled to a State tax refund for 1969 and 1970. The circuit court reversed, but the appellate court reinstated the Department's determination, and this appeal followed. The issue presented is whether the taxpayer is entitled to a State tax refund of 1969 and 1970 taxes as the result of a 1971 net-operating-loss deduction where the loss would be totally absorbed by the taxpayer's 1968 Federal taxable income under the provisions of the Internal Revenue Code. As noted by the appellate court, the relationship between the Illinois Income Tax Act and the Internal Revenue Code is dispositive of the issue presented.

On August 1, 1969, the Illinois Income Tax Act became effective. Under the Act, "[a] tax measured by net income is *** imposed on every *** corporation" (Ill. Rev. Stat. 1971, ch. 120, par. 2—201). Net income is defined by the Act as that portion of the taxpayer's "base income for such year which is allocable to this State *** less the standard exemption ***." (Ill. Rev. Stat. 1971,

ch. 120, par. 2—202.) A corporation's base income is equal to the taxpayer's "taxable income" (Ill. Rev. Stat. 1971, ch. 120, par. 2—203(b)(1)), subject to certain adjustments not directly relevant here (Ill. Rev. Stat. 1971, ch. 120, par. 203(b)(2)). Taxable income is defined as "taxable income properly reportable for federal income tax purposes for the taxable year under the provisions of the Internal Revenue Code." (Ill. Rev. Stat. 1971, ch. 120, par. 2—203(d)(1).) Section 403(a) provides that "[t]o the extent not inconsistent with the provisions of this Act ***, each person making a return under this Act shall take into account the items of income, deduction and exclusion on such return in the same manner and amounts as reflected in such person's federal income tax return for the same taxable year." (Ill. Rev. Stat. 1971, ch. 120, par. 4—403(a).) If a corporate taxpayer has filed a consolidated Federal income tax return, as in the present case, the Act provides that taxable income is "determined as if such corporation had filed a separate return for federal income tax purposes for the taxable year and each preceding taxable year." (Ill. Rev. Stat. 1971, ch. 120, par. 2—203(d)(2)(E).) The combined operation of these provisions serves to establish Federal taxable income as the starting point upon which State tax liability is computed.

In addition, section 506(b) provides that, in the event that the amount of Federal taxable income or loss is altered by amendment, recomputation, or redetermination, the taxpayer shall notify the Department of such change. (Ill. Rev. Stat. 1971, ch. 120, par. 5—506(b).) As amended in 1973, this provision specifies a carry back adjustment as a change in Federal income tax. (Ill. Rev. Stat. 1973, ch. 120, par. 5—506(b).) Section 911(b) provides that where notification of a change is required by section 506(b), a claim for refund may be filed with the Department, limiting the amount recoverable to any overpayment resulting from recomputation of the tax-

payer's base income. (Ill. Rev. Stat. 1971, ch. 120, par. 9—911(b).) As amended in 1973, this provision allows a claim for refund as a result of a carry back adjustment as a change in Federal income tax. Ill. Rev. Stat. 1973, ch. 120, par. 9—911(b).

At first glance, these provisions would appear to evidence the legislature's intent to allow the State taxpayer the advantage of deducting a net operating loss only insofar as the changes reflected on its Federal income tax return affect the computation of Illinois base income. Plaintiff argues in this court, however, that section 102 of the Illinois Income Tax Act incorporates by reference the provisions of the Internal Revenue Code which are not inconsistent with the Act. Section 102 of the Act provides:

> "Construction. Except as otherwise expressly provided or clearly appearing from the context, any term used in this Act shall have the same meaning as when used in a comparable context in the United States Internal Revenue Code of 1954 or any successor law or laws relating to federal income taxes and other provisions of the statutes of the United States relating to federal income taxes as such Code, laws and statutes are in effect for the taxable year." (Ill. Rev. Stat. 1971, ch. 120, par. 1—102.)

Plaintiff maintains that the provision creates a parallel set of Illinois deductions, including an "Illinois net-operating-loss deduction" equivalent to that contained in section 172 of the Federal Code. Plaintiff contends that the refusal of the Department and the appellate court to recognize this Illinois deduction results in the imposition of a retroactive tax on income earned prior to the effective date of the Illinois Income Tax Act, contrary to the mandate of our decisions in *Mitchell v. Mahin* (1972), 51 Ill. 2d 452, and *Thorpe v. Mahin* (1969), 43 Ill. 2d 36. In *Mitchell* and *Thorpe*, the court held that the Illinois act taxes appreciation in property value which occurs only after August 1, 1969, the effective date of the Act.

Plaintiff's argument that its 1971 net operating loss should be carried back no farther than the effective date of the Act is premised on the fact that income was not taxable under the Illinois Income Tax Act in 1968, the year preceding enactment of the Act and the year to which a 1971 net operating loss would, under existing Federal practice, be carried. Plaintiff contends that Illinois losses cannot be carried back beyond 1969, since there was no income taxable under Illinois law prior to that year. In addition to *Mitchell* and *Thorpe*, plaintiff directs us to the decisions of other jurisdictions which have refused to apply the provisions of section 172 of the Internal Revenue Code literally and have limited the carry back to post-effective-date taxable years under their respective taxing statutes. See, *e.g., In re Avien, Inc.* (2d Cir. 1976), 532 F.2d 273 (taxpayer properly claimed only post-effective-date net operating losses); *Production Credit Association v. Department of Treasury* (1978), 404 Mich. 301, 273 N.W.2d 10 (taxpayers not required to carry back net operating losses to years preceding enactment of tax statute).

Defendant, seeking to sustain the judgment of the appellate court, argues that section 172 of the Internal Revenue Code has not been incorporated by the Act. Defendant maintains that, although the legislature has adopted Federal taxable income as the starting point for computation of State corporate income tax, it has not enacted a specific statutory provision allowing a State deduction for a net operating loss. In support of this position, defendant points out that subsequent to the decision of this court in *Thorpe,* and during the pendency of the action in *Mitchell,* the legislature amended the section of the Act defining base income for corporations. This amendment, section 203(f)(4), provides:

"Legislative intention. Except as expressly provided by this section, there shall be no modifications or limitations

on the amounts of income, gain, loss or deduction taken into account in determining gross income, adjusted gross income or taxable income for federal income tax purposes for the taxable year, or in the amount of such items entering into the computation of base income and net income under this Act for such taxable year, whether in respect of property values as of August 1, 1969 or otherwise." (Ill. Rev. Stat. 1971, ch. 120, par. 2—203(f)(4).)

In addition, defendant contends that tax deductions are a privilege created by statute as a matter of legislative grace and that the taxpayer must establish compliance with the statutory conditions imposed.

Having reviewed relevant statutory provisions and having considered the arguments of the parties, we find no merit in plaintiff's claim for a refund of 1969 and 1970 taxes. At the outset, we note our agreement with the appellate court that section 102 of the Act provides only that, as a rule of construction, the terms of the Act shall have the same meaning "as when used in a comparable context in the United States Internal Revenue Code ***." (Ill. Rev. Stat. 1971, ch. 120, par. 1—102.) This section does not, by itself, incorporate substantive provisions of the Code such as section 172, so as to allow a State taxpayer to compute a net operating loss on a State tax return. In this respect, we find the cases cited by plaintiff to be inapposite, since the courts there found that the respective tax laws under review adopted section 172 (*In re Avien, Inc.* (2d Cir. 1976), 532 F.2d 273, 275, 277) or "that a net operating loss deduction was contemplated by the Legislature" (*Production Credit Association v. Department of Treasury* (1978), 404 Mich. 301, 315, 273 N.W.2d 10, 15).

We also do not agree with plaintiff that the discussion of section 102 in *Thorpe v. Mahin* (1969), 43 Ill. 2d 36, 49, supports the plaintiff's position that the section incorporates by reference section 172 of the Internal Revenue Code. At issue in *Thorpe* was the computation of

an individual taxpayer's adjusted gross income under the provisions of the Act. To the extent that the provisions of the Internal Revenue Code entered into the computation of this figure, the provisions of the Code were relevant under the Illinois Income Tax Act. As noted here by the appellate court, however, there is no provision in the Act which specifically adopts all federally allowed deductions. The Act does specifically adopt "taxable income properly reportable for federal income tax purposes for the taxable year under the provisions of the Internal Revenue Code" (Ill. Rev. Stat. 1971, ch. 120, par. 2–203(d)(1)) as the starting point upon which State tax liability is computed for a corporate taxpayer. To the extent that federally allowed deductions enter into the computation of this figure, they are relevant under the Illinois Income Tax Act. This does not, however, create a parallel set of "Illinois deductions."

We find further support for our conclusion in section 506(b) (Ill. Rev. Stat. 1973, ch. 120, par. 5–506(b)) and section 911(b) (Ill. Rev. Stat. 1973, ch. 120, par. 9–911(b)) of the Act. As described more fully above, these sections authorize a refund of State taxes when a change in the Federal taxable income resulting from a loss carry back effects a change in State base income. These provisions clearly evidence the legislature's intent that a net-operating-loss deduction is relevant to the computation of Illinois tax liability only insofar as this deduction enters into the computation of base income under the relevant provisions of the Act.

That there is no separate set of "Illinois deductions" is further made apparent by the General Assembly's 1971 amendment of section 203(f)(4) (Ill. Rev. Stat. 1971, ch. 120, par. 2–203(f)(4)) of the Act to provide, as stated previously, that "there shall be no modifications or limitations on the amount of income, gain, *loss,* or *deduction* taken into account in determining gross income, adjusted

gross income or taxable income for federal income tax purposes for the taxable year, or in the amount of such items entering into the computation of base income *** for such taxable year" (emphasis added), except as expressly provided by this section. Section 2—203 does not expressly provide for any such modification or limitation, and this, we believe, evidences the legislature's intention that a taxpayer be precluded from carrying back its net operating loss in a manner inconsistent with that which would be allowed under the Internal Revenue Code.

Plaintiff contends, however, that the failure to recognize an "Illinois net-operating-loss deduction" will result in an impermissible retroactive application of the Illinois Income Tax Act. Plaintiff argues that, for State purposes, its 1971 net operating loss cannot be carried back to 1968, as is required under Federal law, because it had no income in 1968 taxable under Illinois law against which a 1971 loss could be set off. To require a carry back to 1968, it is argued, would result in the retroactive application of the Illinois Income Tax Act.

One faulty premise of plaintiff's argument is that net operating losses are set off against *Illinois* income. To the contrary, such losses are set off against *Federal* income through the operation of section 172 of the Internal Revenue Code, and it is undisputed that plaintiff did have income in 1968 taxable under Federal law.

Second, and more importantly, our holding does not result in the retroactive imposition of tax liability, the problem that concerned the court in *Thorpe v. Mahin* (1969), 43 Ill. 2d 36, and *Mitchell v. Mahin* (1972), 51 Ill. 2d 452. Plaintiff is not taxed on income earned prior to the effective date of the Act; it is denied a deduction in two years in which the Act was in effect, 1969 and 1970. (*Cf. Niagara Searchlight Co. v. Commissioner* (1953), 20 T.C. 745, 746 (retroactivity attack on a tax statute amendment rejected in part on the ground that the

loss sought to be deducted was incurred in the year in which the amendment was passed).) This denial of a deduction results from the General Assembly's choice of Federal taxable income as the starting point in determining income taxable under Illinois law; since plaintiff's 1969 and 1970 Federal taxable income is unaffected by a 1971 net operating loss, there is no change in plaintiff's 1969 and 1970 income taxable under Illinois law. The resulting denial of a deduction in the years 1969 and 1970, however, does not alone require that we allow plaintiff to deviate from the General Assembly's intention to require the use of Federal taxable income as the starting point in determining Illinois tax liability. Our reading of the Act indicates that the General Assembly, by adopting Federal taxable income as the starting point in determining State income tax liability, intended to simplify tax computation and to develop some degree of consistency in Federal and State income reporting. It also seems reasonable to infer that the General Assembly, in adopting Federal taxable income as a determinant of Illinois tax liability, was aware of the possibility that, in so doing, cases would arise in which net operating losses sustained after the effective date of the Act would be carried back, as required by Federal law, to years preceding the effective date of the Act, thereby resulting in no tax benefit. Though a given taxpayer may therefore enjoy no tax benefit from a particular loss, we cannot say that the scheme adopted by the General Assembly is an improper exercise of its taxing authority. In this regard, we also note that the court in *Thorpe v. Mahin* (1969), 43 Ill. 2d 36, 49, found no constitutional infirmity in the General Assembly's adoption of Federal taxable income as a determinant of Illinois income tax liability.

Finally, we note our agreement with the appellate court that "[t]he granting of a deduction for net operating losses is a privilege created by statute as a matter of

legislative grace" (70 Ill. App. 3d 844, 850, citing, *United States v. Olympic Radio & Television, Inc.* (1955), 349 U.S. 232, 99 L. Ed. 1024, 75 S. Ct. 733) and that "the taxpayer is not entitled to a deduction unless clearly allowed by statute and the burden is on the taxpayer to show he is entitled to the deduction claimed." (70 Ill. App. 3d 844, 850, citing, *Payne v. United States* (U.S. Ct. Cl. 1974), 489 F.2d 1404, 1407.) We are not persuaded that the taxpayer has met that burden here.

For the reasons stated, we affirm the judgment of the appellate court.

*Judgment affirmed.*