EASTMAN KODAK COMPANY *v.* JOHN L. SULLIVAN, TAX COMMISSIONER, ET AL.

SUPERIOR COURT      HARTFORD COUNTY      FILE NO. 168057

Memorandum filed January 8, 1975

*Day, Berry & Howard,* for the plaintiff.

*Robert K. Killian,* attorney general, and *Ralph G. Murphy, John M. Dunham,* and *Richard K. Greenberg,* assistant attorneys general, for the defendants.

JOHN F. SHEA, JR., J.   The plaintiff is appealing from a deficiency assessment regarding the corporate business tax by the defendant tax commissioner for the disputed income year beginning Monday, December 26, 1966, and ending Sunday, December 31, 1967.   In accordance with the provisions of General Statutes § 12-213, for purposes of the Connecticut corporation business tax, the plaintiff's "income year" is a fiscal year consisting of an annual period which varies from fifty-two to fifty-three weeks and ends always on the last Sunday in December.

Prior to the enactment of Public Acts 1967, No. 586, the state of Connecticut taxed foreign corporations doing business in this state partially on the basis of the capitalized value of real property rented in Connecticut.   Following Public Act 586, the state taxed in that manner not only realty but also personalty.   See General Statutes § 12-218 (3) (b).   Other changes were also made.   Section 4 of the act provides that "this act shall take effect from its passage and apply to income years beginning on and after January 1, 1967."

General Statutes § 12-213 defines fiscal year as "the income year ending on the last day of any month other than December or an annual period which varies from fifty-two to fifty-three weeks elected by the taxpayer in accordance with the provisions of the internal revenue code." The plaintiff elected the period varying from fifty-two to fifty-three weeks referred to.

The sole issue presented on appeal is what provisions of the Internal Revenue Code of 1954; 68A Stat. 3; 26 U.S.C. §§ 1–8023 (1970); are incorporated into the state law by the definition of "fiscal year" above cited.

Section 441 (f) of the Internal Revenue Code of 1954; 68A Stat. 3; 26 U.S.C. § 441 (f) (1970); containing the provisions by which a taxpayer, such as the plaintiff, may establish a fifty-two to fifty-three week tax year, is quoted in part in the footnote.[1]

---

[1] "[68A Stat. 3; 26 U.S.C. § 441 (1970)] (f) ELECTION OF YEAR CONSISTING OF 52-53 WEEKS (1) General rule. A taxpayer who, in keeping his books, regularly computes his income on the basis of an annual period which varies from 52 to 53 weeks and ends always on the same day of the week and ends always—(A) on whatever date such same day of the week last occurs in a calendar month, or (B) on whatever date such same day of the week falls which is nearest to the last day of a calendar month, may (in accordance with the regulations prescribed under paragraph [3]) elect to compute his taxable income for purposes of this subtitle on the basis of such annual period. This paragraph shall apply to taxable years ending after the date of the enactment of this title. (2) Special rules for 52-53-week year. (A) Effective dates. In any case in which the effective date or the applicability of any provision of this title is expressed in terms of taxable years beginning, including, or ending with reference to a specified date which is the first or last day of a month, a taxable year described in paragraph (1) shall (except for purposes of the computation under section 21) be treated—(i) as beginning with the first day of the calendar month beginning nearest to the first day of such taxable year, or (ii) as ending with the last day of the calendar month ending nearest to the last day of such taxable year, as the case may be. . . ."

If only subparagraph (1) of § 441 (f), "General rule," has been incorporated by reference under our state law, there is merit to the plaintiff's argument that Public Acts 1967, No. 586, does not apply to the plaintiff's income in the fiscal year running from December 26, 1966, to December 31, 1967. That would follow from a literal reading of the act which provides that it shall "apply to income years beginning on and after January 1, 1967." If subparagraph (2) of § 441 (f), "Special rules," has also been incorporated, the plaintiff's taxable year would, however, have begun on January 1, 1967, and the tax provided by Public Act 586 would properly be assessed for the period in question. The difference is substantial to the plaintiff.

The plaintiff has argued that certain provisions of the "Special rules" of § 441 (f) (2) are inapplicable to the Connecticut corporate tax and that therefore the section cannot apply. The court cannot adopt that reasoning. The specific provisions which obviously have no application may be disregarded without elimination of the relevant portions dealing with effective dates. The plaintiff also argues that since the phrase "of this title" is used in § 441 (f) (2) (A) of the code, it obviously applies only to the Internal Revenue Code and has no application to Connecticut law. There is no merit to that argument since the phrase "of this subtitle" is included in § 441 (f) (1), which is admittedly applicable and permitted the plaintiff the election of the fiscal year that it chose to make.

In support of its claim that a strict construction of the applicable statutes does not permit incorporation by reference of § 441 (f) (2) (A) of the code, the plaintiff has cited *Allentown Wholesale Grocery Co.* v. *Commonwealth,* 5 Pa. Cmwlth. 426, and *East-*

*man Kodak Co.* v. *Commonwealth,* 5 Pa. Cmwlth. 434. Those cases involved an interpretation of Pennsylvania taxing statutes. A study of those cases indicates, however, that the pertinent statutes in Pennsylvania differ enough from the Connecticut statutes in question to make those decisions inapplicable to the case at hand. The court is aware that taxing statutes, where ambiguous, are to be strictly construed against the state and in favor of the taxpayer. *Connecticut Light & Power Co.* v. *Sullivan,* 150 Conn. 578, 582. The intent of the legislature must, however, be looked to. *State ex rel. Rourke* v. *Barbieri,* 139 Conn. 203, 207. A statute should be construed to give effect to the legislative purpose in enacting the law.

A study of the legislative history of the taxing statutes which permit the election of a variable fifty-two to fifty-three week year as chosen by the plaintiff indicates that the laws were adopted for the convenience of the taxpayers so that they could compute their taxable income on the same basis as that used for federal taxation. Therefore, when, in defining "fiscal year," General Statutes § 12-213 uses the phrase "in accordance with the provisions of the internal revenue code," it is logical to assume that the legislature intended to adopt all provisions of the code pertinent to the effective use of the fifty-two to fifty-three week accounting method. To look only at the provision of the code establishing the method and to ignore the provisions providing for the effect of such a selection is not logical or in accord with obvious legislative intent. It is the court's opinion that the clear intent of the legislature was to incorporate by reference § 441 (f) (2) as well as § 441 (f) (1) of the Internal Revenue Code. Accordingly, the court finds no such ambiguity as would prevent the commissioner from imposing the tax in question.

The court finds that Public Acts 1967, No. 586, applies to the disputed income year, and the plaintiff's appeal is denied. In accordance with a stipulation by the parties, the plaintiff is ordered to pay an additional tax in the amount of $71,664.65 together with interest thereon as provided by law.