WARREN REALTY COMPANY, Plaintiff-Appellant, v. THE DEPARTMENT OF REVENUE, Defendant-Appellee.

First District (1st Division)   No. 77-1710

Opinion filed July 10, 1978.

Morton D. Baron and Norman Pressman, both of Baron & Lehrer, of St. Louis, Missouri, for appellant.

William J. Scott, Attorney General, of Chicago (Paul J. Bargiel and Stephen R. Swofford, Assistant Attorneys General, of counsel), for appellee.

Mr. PRESIDING JUSTICE GOLDBERG delivered the opinion of the court:

Warren Realty Company (plaintiff) made payment under protest of an assessment of income taxes and penalties to the Illinois Department of Revenue. Plaintiff filed suit for refund in the circuit court. Plaintiff has appealed from an order dismissing the suit.

Plaintiff, a Missouri corporation qualified to do business in Illinois, purchased improved real estate in Illinois in 1950. Each year thereafter plaintiff took a deduction on its Federal income tax return for depreciation on the improvements. Plaintiff sold the property in 1972 for more than its original cost. On its Federal income tax return plaintiff reported as gain the amount by which the sale price exceeded the original cost less depreciation. In this manner plaintiff included in its taxable income the appreciation which occurred in prior years.

On August 1, 1969, the Illinois Income Tax Act went into effect. (Ill. Rev. Stat. 1977, ch. 120, par. 1—101 *et seq.*) The Act grants to noncorporate taxpayers who have sold property during the year a deduction equal to the amount of appreciation which occurred prior to the effective date of the Act. (Ill. Rev. Stat. 1977, ch. 120, pars. 2—203(a)(2)(F), 2—203(c)(2)(F).) This deduction is known as the "valuation limitation amount." (Ill. Rev. Stat. 1977, ch. 120, par. 2—203(e).) In this way noncorporate taxpayers may capitalize appreciation which occurred prior to August 1, 1969.

On its 1973 Illinois income tax return plaintiff deducted the valuation limitation amount from its Federal taxable income in arriving at its net income for Illinois tax purposes. Defendant disallowed the deduction because plaintiff, a corporate taxpayer, was not entitled thereto. (Ill. Rev. Stat. 1977, ch. 120, par. 2—203(b).) Plaintiff paid the tax claimed as due plus interest under protest and this litigation followed.

In this court, plaintiff contends that the Illinois Income Tax Act (Ill. Rev. Stat. 1977, ch. 120, par. 1—101 *et seq.*), unconstitutionally taxes corporations at a rate higher than allowed by article IX, section 3(a) of the Illinois Constitution of 1970 by allowing individuals certain deductions not allowed to corporations; and the Illinois Income Tax Act violates the

Illinois Constitution of 1970 to the extent it taxes depreciation which was not allowed as a deduction on Illinois income tax returns so that the tax is not measured by income.

In *Thorpe v. Mahin* (1969), 43 Ill. 2d 36, 250 N.E.2d 633, the Illinois Supreme Court held that the Constitution of 1870 permitted the tax on income which had been imposed by the Income Tax Act of 1969. In defining the scope of the Act, the court found that the legislature did not intend to tax the appreciation in property that occurred prior to the effective date of the Act. The court indicated that such a retroactive tax might constitute a deprivation of property without due process of law. Thus, by initiating this value limitation, the court did not reach the issue of the constitutionality of taxing prior appreciations in property.

The legislature subsequently amended the Income Tax Act to provide for the valuation limitation announced in *Thorpe*. (1971 Ill. Laws 1368, §1, in part, added subsecs. (a)(2)(E), (c)(2)(E), and (e) to Ill. Rev. Stat. 1969, ch. 120, par. 2—203.) However, this amendment only allowed noncorporate taxpayers to deduct the valuation limitation amount. Thus we are presented with the question which was not decided in *Thorpe*.

It is plaintiff's contention that "to the extent that the Illinois income tax law is applied to depreciation taken on pre-1969 Federal income tax returns, which depreciation was never allowed on Illinois income tax returns, it is not a tax on income and, therefore, exceeds the constitutional authority of Article IX." In broader terms, plaintiff's argument is that all appreciation occurring prior to the effective date of the Act constituted capital on that date and therefore could not be taxed as income.

In *Mitchell v. Mahin* (1972), 51 Ill. 2d 452, 283 N.E.2d 465, *cert. denied* (1972), 409 U.S. 982, 34 L. Ed. 2d 245, 93 S. Ct. 317, the court reaffirmed its holding that the legislature had intended to include a valuation limitation when it enacted the Income Tax Act. In so doing the court noted that the "General Assembly has seen fit to express itself explicitly on the question by amending [the Act] * * * and, *with exceptions not here relevant*, has enacted the August 1, 1969, valuation limitation enunciated in *Thorpe*." (51 Ill. 2d 452, 456.) (Emphasis added.) In our opinion, this language indicates tacit approval of the denial of the valuation limitation to corporations.

■■ More directly, in our opinion, a tax on appreciation occurring prior to the effective date of a taxing act, but not realized until after that date, is a tax on income within the authority granted by article IX of the Illinois Constitution of 1970.

■■ Justice Davis, in his dissent in *Mitchell*, presents a thorough review of the law on this subject. (51 Ill. 2d 452, 458.) Since the majority in *Mitchell* did not address itself to this issue, we are free to adopt the

reasoning of the dissent. It is important to note the conclusion stated by Justice Davis (51 Ill. 2d 452, 464):

"It seems clear from these cases that a tax measured by income is a tax upon realized gain. The fact that a portion of the gain may be attributable to increases in value of the income-producing items prior to the effective date of the Act, or may be attributable to something done prior to such date, does not render the taxing statute retroactive so long as the gain or profit is not 'realized' until after such date."

Since plaintiff actually realized no gain until after the effective date of the Act, we conclude that the entire amount of such gain was properly taxed as income.

Plaintiff also claims that the legislature has misinterpreted that provision of the constitution which grants it the power to adopt the laws and regulations of the United States for the purpose of arriving at Illinois net income. Plaintiff claims that this language requires the legislature to adopt the entire body of tax laws rather than merely adopting the taxable income figure from the Federal tax return. If this were so, plaintiff would be entitled to a deduction for all depreciation taken and allowed prior to the effective date of the Act. See I.R.C. §§1001(a), 1011(a), 1016(a) and 1250.

■■ A state's scheme of taxation is presumed constitutional, and this presumption is "overcome only by a clear showing that it is arbitrary and unsupportable by any set of facts." (*People ex rel. Kutner v. Cullerton* (1974), 58 Ill. 2d 266, 273, 319 N.E.2d 55.) Article IX, section 3(b), states that the laws imposing income taxes may adopt by reference provisions of the tax laws of the United States. However, there is no constitutional or other requirement that the Internal Revenue Code be adopted *in toto*. The legislature has elected to use Federal taxable income as a starting point in arriving at corporate net income for Illinois tax purposes. In our opinion, the legislature has acted quite reasonably in adopting this system. Plaintiff has failed to demonstrate that the constitution has been misinterpreted or misapplied in any way.

Plaintiff next argues that the Income Tax Act, by allowing only noncorporate taxpayers to deduct the valuation limitation amount, causes the corporate tax rate to exceed the individual tax rate by a ratio of more than 8 to 5 in violation of article IX, section 3(a), of the Illinois Constitution of 1970. The Act presently sets the tax rate on corporate and individual net incomes at 4 percent and 2½ percent respectively. (Ill. Rev. Stat. 1977, ch. 120, par. 2—201(b).) Plaintiff contends that the denial of the valuation limitation amount to corporations has in fact increased the corporate tax rate "because an individual with the same exact raw data on

its return would pay less than ⅝ of the tax a corporation would pay." In support of this contention, plaintiff cites *Boyer v. Boyer* (1885), 113 U.S. 689, 695, 28 L. Ed. 1089, 1090, 5 S. Ct. 706, which held in effect that the rate of taxation includes not only the percentage of tax but also the method of valuation.

Article IX, section 2, of the Illinois Constitution of 1970 states that in any nonproperty tax classification system "exemptions, deductions, credits, refunds and other allowances shall be reasonable." Hence the constitution recognizes that there will be differences in the deductions granted to various classes of taxpayers and merely imposes a requirement of reasonableness on these deductions.

■■ In *Thorpe*, the court stated that a person who attacks the reasonableness of a statute has the burden of demonstrating how the statute is unreasonable. (43 Ill. 2d 36, 45-46.) Plaintiff's argument seems to be that any deduction granted to individuals and not to corporations is unreasonable. We do not agree.

Certain differences between individuals and corporations are unavoidable under our present system of taxation. One major difference noted in *Thorpe* is that Illinois taxes individuals on their Federal adjusted gross income (with modifications) but taxes corporations on their Federal taxable income (also with modifications). ( Ill. Rev. Stat. 1977, ch. 120, pars. 2—203(a) and (b).) Thus an individual is likely to have a higher net income for Illinois tax purposes than would a similarly situated corporation. (*Thorpe*, 43 Ill. 2d 36, 48.) Commencing with the facts that differences in the method of valuation are inherent in our tax structure and that reasonable differences are allowed, we will consider plaintiff's argument that these differences affect the tax rates.

This contention was discussed and rejected in *Morley v. Remmel* (1949), 215 Ark. 434, 221 S.W.2d 51. There, the court stated that the plain meaning of the term "tax rate" is the percent of valuation taken. (215 Ark. 434, 441, 221 S.W.2d 51, 55.) That court deemed it highly unlikely that the maximum tax rate there imposed would operate to deprive the General Assembly of the power to legislate deductions and exemptions which might incidentally increase the amount of tax due from one taxpayer and not another.

Even in *Boyer*, the case relied on by plaintiff, the court realized that not all variations in the method of valuation were invalid, but only the "very material" differences that cause "substantial discrimination" in favor of one class of taxpayers over another. (113 U.S. 689, 694-95, 28 L. Ed. 1089, 1090, 5 S. Ct. 706.) Any variance that exists in the case before us is extremely limited in its application. It can apply only to property acquired prior to August 1, 1969, which subsequently increased in value.

Ultimately, the passage of time will serve to eliminate this type of situation. For reasons above stated, the order of the circuit court is affirmed.

Order affirmed.

McGLOON and BUCKLEY, JJ., concur.