DENSIL BROWN *et al.*, Plaintiffs-Appellants, *v.* THE DEPARTMENT OF REVENUE *et al.*, Defendants-Appellees.

First District (2nd Division)    No. 79-1124

Opinion filed September 16, 1980.—Rehearing denied October 22, 1980.

Leonard S. DeFranco and Robert A. Hall, both of Bishop & Crawford, Ltd., of Oak Brook, for appellants.

William J. Scott, Attorney General, of Chicago (Karen Konieczny, Assistant Attorney General, of counsel), for appellees.

Mr. PRESIDING JUSTICE PERLIN delivered the opinion of the court:

Plaintiffs, Densil and Peggy Brown (hereinafter referred to as taxpayers), filed a complaint in the circuit court of Cook County pursuant to the provisions of the Administrative Review Act (Ill. Rev. Stat. 1975, ch. 110, par. 264 *et seq.*) to obtain judicial review of the decision rendered by the Illinois Department of Revenue (hereinafter referred to as the Department) which affirmed the tax deficiency assessed against the taxpayers by the Director of Revenue. The taxpayers appeal from the order of the circuit court which affirmed the decision of the Department.

On August 1, 1969, the Illinois Income Tax Act (hereinafter referred to as the Act) (Ill. Rev. Stat. 1975, ch. 120, par. 1—101 *et seq.*) became effective. The Act grants to noncorporate taxpayers who have sold property during the year a deduction equal to the amount of appreciation which accrued prior to the effective date of the Act. (Ill. Rev. Stat. 1975, ch. 120, pars. 2—203(a)(2)(F), 2—203(c)(2)(F); *Warren Realty Co. v. Department of Revenue* (1978), 62 Ill. App. 3d 450, 451, 379 N.E.2d 100, *appeal denied* (1978), 71 Ill. 2d 622.) This deduction is known as the "valuation limitation amount." (Ill. Rev. Stat. 1975, ch. 120, par. 2—203(e).) In this way noncorporate taxpayers may capitalize appreciation which accrued prior to August 1, 1969. (*Warren Realty Co.*, 62 Ill. App. 3d 450, 451.) The sole issue presented for review is whether the shareholders of a small business corporation may deduct on their individual tax returns, as a valuation limitation amount, gain realized from the sale by the corporation of its equipment and goodwill.

For reasons hereinafter set forth, we affirm.

The taxpayers, Densil and Peggy Brown, were shareholders from November 1961 until December 1973 of Brown Clinical Laboratories, Inc. (hereinafter referred to as the corporation), a corporation which elected, pursuant to 26 U.S.C. §1372 (1976), to be taxed as a small business

corporation, commonly referred to as a "subchapter S corporation" or a "tax option corporation." In April 1970 the corporation sold all its assets including its equipment and goodwill. The gain realized from the sale of assets was reported to the Internal Revenue Service on the installment plan in accordance with 26 U.S.C. §453 (1976).[1]

The undistributed taxable income of the corporation for its taxable year ending October 31, 1972, was reported, as required by 26 U.S.C. §§1373 and 1375, on the taxpayers' Federal individual income tax return for the calendar year 1972. This undistributed taxable income included a long-term capital gain of $53,980.42, which was realized from the sale of the corporation's equipment and goodwill. The adjusted gross income (which included the $53,980.42 gain) from the taxpayers' Federal individual income tax return (Form 1040) was then reported on the taxpayers' Illinois individual income tax return (Form IL-1040) as required by section 203 of the Act (Ill. Rev. Stat. 1975, ch. 120, par. 2—203). From the adjusted gross income the claimed valuation limitation amount of $49,661.99 was deducted to arrive at the taxpayers' income for Illinois tax purposes. The Department disallowed the deduction, concluding that the long-term capital gain realized from the sale by the corporation of its assets was the corporation's gain and not the gain of the individual (noncorporate) shareholders. A notice of deficiency was issued in the amount of $1,241.55.

Section 203(a) of the Act provides in pertinent part:

"(a) Individuals.

(1) In general. In the case of an individual, base income means an amount equal to the taxpayer's adjusted gross income for the taxable year as modified by paragraph (2).

(2) Modifications. The adjusted gross income referred to in paragraph (1) shall be modified by adding thereto the sum of the following amounts:

\* \* \*

and by deducting from the total so obtained the sum of the following amounts;

\* \* \*

(F) The valuation limitation amount." Ill. Rev. Stat. 1975, ch. 120, par. 2—203(a).

Section 203(e) provides:

"(e) Valuation limitation amount.

---

[1] Although the corporation sold its equipment and goodwill in April 1970 and the purchaser agreed to make payments on a bank loan, the bank did not release the corporation from the unpaid portion of the obligation. The sale was a contract sale for which less than 30 percent of the sale price was received in 1970, the year of the sale.

(1) In general. The valuation limitation amount referred to in subsections (a)(2)(F) and (c)(2)(F) is an amount equal to:

(A) The sum of the pre-August 1, 1969 appreciation amounts (to the extent consisting of gain reportable under the provisions of Section 1245 or 1250 of the Internal Revenue Code) for all property in respect of which such gain was reported for the taxable year; plus

(B) The lesser of (i) the sum of the pre-August 1, 1969 appreciation amounts (to the extent consisting of capital gain) for all property in respect of which such gain was reported for federal income tax purposes for the taxable year, or (ii) the net capital gain for the taxable year, reduced in either case by any amount of such gain included in the amount determined under subsection (a)(2)(E) or (c)(2)(E)." Ill. Rev. Stat. 1975, ch. 120, par. 2—203(e).

The taxpayers, as individual, noncorporate taxpayers, contend that they were entitled to and did in fact receive, for Federal income tax purposes, capital gain treatment of the gain realized from the sale of the corporation's equipment and goodwill. They argue that section 203 requires nothing further as a prerequisite for an individual to enjoy the benefits of the valuation limitation. The Department maintains that the capital gain from the sale of the corporation's equipment and goodwill was realized by the corporation, not the shareholders; and that the gain was merely "passed through to the shareholders."

A literal and simplistic reading of sections 203(a) and 203(e) would appear at first blush to support the taxpayers' contention. Section 203(a) applies to taxpayers who are "individuals" not corporations. Section 203(e) provides in pertinent part that the valuation limitation amount is equal to "the pre-August 1, 1969 appreciation amounts (to the extent consisting of capital gain) for all property in respect of which such gain was reported for federal income tax purposes for the taxable year." In other words, section 203(e) on its face appears to require only that the pre-August 1, 1969, appreciation be reported as capital gain for Federal income tax purposes. No other qualification or limitation regarding the character of the income is contained in section 203(e). The taxpayers did in fact report, as required by 26 U.S.C. 1375(a) (1976), the gain realized upon the sale of the corporation's equipment and goodwill as capital gain on their 1972 Federal individual tax return (Form 1040).[2]

■■ The principal difficulty with the foregoing construction is that it disregards the existence of the corporate entity and neglects to acknowl-

---

[2] It should be noted that neither the accuracy nor the propriety of the taxpayers' treatment of the gain for Federal tax purposes has been disputed by the Department.

edge that the gain was realized upon the sale not by the individual shareholders but by the corporation of its equipment and goodwill. "Normally, stock in a corporation represents an ownership interest in a going business organization; *the stockholders do not own the corporation's property.*" (Emphasis added.) (*Owens v. C.I.R.* (6th Cir. 1977), 568 F.2d 1233, 1238.) At no time during 1972, the tax year in question, did the taxpayers sell their shares of stock in the corporation.

In *Thorpe v. Mahin* (1969), 43 Ill. 2d 36, 250 N.E.2d 633, the Illinois Supreme Court held that the Constitution of 1870 permitted the tax on income imposed by the Income Tax Act of 1969. In defining the scope of the Act, the court found that the legislature did not intend to tax the appreciation in property that occurred prior to the effective date of the Act. The Legislature subsequently amended the Income Tax Act to provide for the valuation limitation announced in *Thorpe.* (Pub. Act 77-669, par. 1 (1971), in part, added subsecs. (a)(2)(E), (c)(2)(E), and (e) to Ill. Rev. Stat. 1969, ch. 120, par. 2—203.) However, this amendment only allowed noncorporate taxpayers to deduct the valuation limitation amount.

In *Mitchell v. Mahin* (1972), 51 Ill. 2d 452, 283 N.E.2d 465, *cert. denied* (1972), 409 U.S. 982, 34 L. Ed. 2d 245, 93 S. Ct. 317, the court reaffirmed its holding that the legislature had intended to include a valuation limitation when it enacted the Income Tax Act. In so doing the court noted that the "General Assembly has seen fit to express itself explicitly on the question by amending [the Act] * * * and, *with exceptions not here relevant,* has enacted the August 1, 1969, valuation limitation enunciated in *Thorpe.*" (Emphasis added.) (*Mitchell v. Mahin,* 51 Ill. 2d 452, 456.) "[T]his language," the court ruled in *Warren Realty Co. v. Department of Revenue* (1978), 62 Ill. App. 3d 450, 452, 379 N.E.2d 100, *appeal denied* (1978), 71 Ill. 2d 622, "indicates tacit approval of the denial of the valuation limitation to corporations."

■ The primary purpose of statutory construction is ascertainment of the legislative purpose and intent. (*People ex rel. Cason v. Ring* (1968), 41 Ill. 2d 305, 310, 242 N.E.2d 267.) " 'It is a universally adopted rule of statutory construction that the intention of the legislature is to be gathered *not only from the language used* but also from the reasons for the enactment and the purposes to be thereby attained.' (Italics supplied.) [Citations.]" (*People ex rel. Cason v. Ring,* at 310.) It appears clear from both the language employed in the statute as well as from the reasons for enactment that the legislature did not intend to extend the valuation limitation deduction to corporations. In our opinion it cannot therefore be logically argued that the shareholders of a small business corporation may deduct on their individual tax returns, as a valuation limitation amount, gain realized from the sale by the corporation of its equipment and

goodwill. To argue that the taxpayers are individuals and not a corporation and thereby entitled to the valuation limitation deduction is to obfuscate the fact that at the time of sale by the corporation of its assets the pre-August 1, 1969, appreciation accrued to the corporation and not to the taxpayers.

■■ In so concluding we observe that article IX, section 2 of the Illinois Constitution of 1970 states that in any nonproperty tax classification system "exemptions, deductions, credits, refunds and other allowances shall be reasonable." Hence the constitution recognizes that there will be differences in the deductions granted to various classes of taxpayers and merely imposes a requirement of reasonableness on these deductions. In *Thorpe* the court stated at pages 45-46 that a person who attacks the reasonableness of a statute has the burden of demonstrating how the statute is unreasonable. In *Warren Realty Co.* the court at page 454 rejected the taxpayers' argument that any deduction granted to individuals and not to corporations is unreasonable. In fact, the *Thorpe* court expressed the opinion that "there are sufficient differences between the privilege of earning or receiving income as a corporate entity and the privilege of earning or receiving income as an individual, trust or estate to justify their being taxed at a different rate." (43 Ill. 2d 36, 47.) It is perhaps these differences that justify the denial of the valuation limitation deduction to corporations and likewise justify the denial of the valuation limitation to the taxpayers in the case at bar.

We further observe, as did the *Warren Realty Co.* court, that "[a]ny variance that exists in the case before us is extremely limited in its application. It can apply only to property acquired prior to August 1, 1969, which subsequently increased in value. Ultimately, the passage of time will serve to eliminate this type of situation." 62 Ill. App. 3d 450, 454-55.

In light of the foregoing we affirm the judgment of the circuit court of Cook County.

Affirmed.

DOWNING and HARTMAN, JJ., concur.