RUSSELL L. REINEMAN, Plaintiff-Appellant, *v.* THE DEPARTMENT OF REVENUE *et al.*, Defendants-Appellees.

First District (2nd Division)    No. 81-1630

Opinion filed May 25, 1982.

Emerson E. Blue, of Chicago, for appellant.

Tyrone C. Fahner, Attorney General, of Chicago (Russell C. Grimes, Jr., Assistant Attorney General, of counsel), for appellees.

JUSTICE PERLIN delivered the opinion of the court:

Plaintiff, Russell L. Reineman (Reineman), filed a complaint in the circuit court of Cook County pursuant to the provisions of the Administrative Review Act (Ill. Rev. Stat. 1977, ch. 110, par. 264 *et seq.*) to obtain judicial review of the decision rendered by the Illinois Department of Revenue (Department) which affirmed a tax deficiency assessed against Reineman for the years 1972 and 1974 in the amounts of $1,003.05 and $3,862.50 respectively, and which denied his claim for a tax refund for the tax year 1973 in the amount of $885.76. Reineman appeals from the order of the circuit court which affirmed the decision of the Department.

On August 1, 1969 the Illinois Income Tax Act (Act) (Ill. Rev. Stat. 1977, ch. 120, par. 1—101 *et seq.*) became effective. The Act grants to noncorporate taxpayers who have sold property during the year a deduction equal to the amount of appreciation which accrued prior to the effective date of the Act. (Ill. Rev. Stat. 1977, ch. 120, pars. 2—203(a)(2)F), 2—203(c)(2)F); *Warren Realty Co. v. Department of Revenue* (1978), 62 Ill. App. 3d 450, 451, 379 N.E.2d 100, *appeal denied* (1978), 71 Ill. 2d 622.) This deduction is known as the "[v]aluation

limitation amount." (Ill. Rev. Stat. 1977, ch. 120, par. 2—203(e).) In this manner noncorporate taxpayers may capitalize appreciation which accrued prior to August 1, 1969 and thus reduce their reportable net gain on sales made during the year. (*Warren Realty Co.*) In general, the Act provides that the Illinois valuation limitation amount is equal to the sum of the pre-August 1, 1969, appreciation amounts which are reportable as ordinary income on an individual's Federal income tax return under sections 1245[1] or 1250[2] of the Internal Revenue Code plus the amount reported as capital gain on the federal tax return. (Ill. Rev. Stat. 1977, ch. 120, pars. 2—203(e)(1)(A), (B).) The sole issue presented for our review is whether Reineman may deduct on his Illinois income tax return, as a valuation limitation amount, the gain realized from the sale of his race horses which was attributable to pre-August 1, 1969, appreciation and which was reported as ordinary income on his Federal income tax return under section 1251[3] of the Internal Revenue Code.

For the reasons which follow, we affirm.

Reineman was in the business of racing thoroughbred horses. In 1972, 1973 and 1974 he sold a number of horses which he had acquired prior to August 1, 1969. The gains on these sales were reported on his Federal income tax return as ordinary income under sections 1245 and 1251 of the Internal Revenue Code. In filing his Illinois income tax returns in 1972 and 1974 Reineman deducted as a valuation limitation amount the amounts of gain realized attributable to pre-August 1, 1969, appreciation that he reported on his Federal tax return under both sections 1245 and 1251. The valuation limitation amount claimed by Reineman for the amount of income reported under section 1245 was allowed in full, but the Department denied his claim for the amount reported under section 1251.

In 1975 Reineman filed with the Illinois Department of Revenue a claim for refund for the 1973 tax year in the amount of $885.76. He contended that he had overpaid his Illinois income tax in 1973 because he failed to deduct, as a valuation limitation amount, the amount of realized gain which he had reported under section 1251 on his Federal tax return for that year. The Department denied this claim.

Reineman contends that he is entitled to a valuation limitation amount equal to the total amount of gain realized on the sale of his race horses that is attributable to the pre-August 1, 1969, appreciation. He

---

[1] 26 U.S.C. sec. 1245 (1969). This section taxes as ordinary income the gain realized from the sale of certain depreciable personal property such as race horses.

[2] 26 U.S.C. sec. 1250 (1969). This section involves the taxation of gain realized from the sale of certain real property and is not at issue in this appeal.

[3] 26 U.S.C. sec. 1251 (1969). This section taxes as ordinary income the gain realized from the disposition of property used in farming where farm losses have been used to offset nonfarm income. Under this section the business of farming includes the business of racing horses.

maintains that the legislative purpose underlying the enactment of the valuation limitation amount was to exempt from the Illinois income tax all such gain realized.

Reineman relies heavily on *Thorpe v. Mahin* (1969), 43 Ill. 2d 36, 250 N.E.2d 633. In *Thorpe* the Illinois Supreme Court held constitutional the Income Tax Act of 1969. In defining the scope of the Act, the court found that the legislature did not intend to tax the appreciation on capital assets which occurred prior to the effective date of the Act. In response to *Thorpe*, the legislature amended the Income Tax Act to provide for the valuation limitation amount. (1971 Ill. Laws 1368.) The amendment states that the valuation limitation amount equals:

> "The sum of the pre-August 1, 1969 appreciation amounts (to the extent consisting of gain reportable under the provisions of Section 1245 or 1250 of the Internal Revenue Code) for all property in respect of which such gain was reported for the taxable year." Ill. Rev. Stat. 1977, ch. 120, par. 2—203(e)(1)(A).

As a part of the same enactment the legislature also provided that:

> "Except as expressly provided by this Section, there shall be no modifications or limitations on the amounts of income, gain, loss or deduction taken into account in determining gross income, adjusted gross income or taxable income for federal income tax purposes for the taxable year, or in the amount of such items entering into -the computation of base income and net income under this Act for such taxable year, whether in respect of property values as of August 1, 1969 or otherwise." Ill. Rev. Stat. 1977, ch. 120, par. 2—203(g).

While the thesis of *Thorpe* tends to support Reineman's position, his reliance on that decision ignores the legislature's amendments subsequent to *Thorpe*. By these amendments the General Assembly has explicitly defined the scope of the valuation limitation amount. The legislature did not provide a deduction for gain realized on the sale of property that is reported under section 1251 on an individual's Federal income tax return. Further, the legislature expressly reserved unto itself the power to modify the valuation limitation amount. Under these circumstances we cannot expand the scope of the valuation limitation amount to include a deduction for the amount of income Reineman reported under section 1251 of his Federal income tax return. Illinois courts have established that a deduction is a privilege granted as a matter of legislative grace. (*Bodine Electric Co. v. Allphin* (1980), 81 Ill. 2d 502, 410 N.E.2d 828.) Here the legislature did not enact the deduction that Reineman claims as it was within the prerogative of the General Assembly not to do so. Accordingly, our decision is mandated by the explicit language of the Illinois Income Tax Act, and we affirm the order of the circuit court which upheld the Depart-

ment's assessment of a tax deficiency against Reineman for the years 1972 and 1974 and which denied his claim for a refund for the tax year 1973.

Affirmed.

DOWNING and HARTMAN, JJ., concur.