CARL F. CHAPMAN *et al.*, Plaintiffs-Appellants, *v.* THE DEPARTMENT OF REVENUE, Defendant-Appellee.

First District (3rd Division)   No. 80—2912

Opinion filed August 4, 1982.—Rehearing denied December 2, 1982.

Vernon T. Squires and Randall S. Rapp, both of Chicago, for appellants.

Tyrone C. Fahner, Attorney General, of Springfield (Joseph D. Keenan III, Special Assistant Attorney General, of counsel), for appellee.

JUSTICE McGILLICUDDY delivered the opinion of the court:

This action, brought by the trustees of the Chicago Dock and Canal Trust (the Trust), sought administrative review of the decision of the Illinois Department of Revenue (the Department) denying the Trust's claim for a refund of certain State income taxes paid by the Trust. The trustees appeal from an order of the circuit court of Cook County which affirmed the Department's denial.

The issues presented for review are: (1) whether the Illinois income tax constituted an unconstitutional retroactive tax; (2) whether the tax discriminated against the class of corporate taxpayers; and (3) whether the Trust should be treated as a corporation for Illinois income tax purposes.

The Chicago Dock and Canal Trust was organized on January 22, 1962, as an Illinois business trust to succeed to the business and assets of the Chicago Dock and Canal Company (the Company), an Illinois special charter corporation. The conversion to the trust was a qualified reorganization for Federal income tax purposes. The trust succeeded to the Company's Federal income tax bases in assets acquired from the Company, and the Trust's holding period for those assets included the Company's holding period.

On October 31, 1972, the Trust sold certain property that had been held by the Company since the 1800's. The sale price of that property was $4,500,000; and in accordance with section 1053 of the Internal Revenue Code of 1954 (I.R.C. sec. 1053), the Federal tax basis for that property was $424,000, its fair market value as of March 1, 1913. For Federal income tax purposes, the Trust reported a long-term capital gain of $3,560,093.53. The Trust also included this gain on its Illinois income tax return for its fiscal year ending April 30, 1973, and, at the 4% tax rate, paid $142,403.74 in taxes to the State.

On August 13, 1976, the Trust filed a claim for refund for overpayment of its Illinois income taxes with the Department of Revenue. In computing the refund amount, the Trust applied the provisions of section 203(e)(2)(B) of the Illinois Income Tax Act (the Income Tax Act) (Ill. Rev. Stat. 1973, ch. 120, par. 2—203(e)(2)(B)) and reduced its capital gain from the real estate sale by the amount the property appreciated prior to August 1, 1969, the date the Act became effective. The pre-August 1, 1969, appreciation amount, known as the valuation limitation amount, was defined by statute as: "that amount which bears the same ratio to the total gain reported in respect of the property for federal income tax purposes for the taxable year, as the number of full calendar months in that part of the taxpayer's holding period for the property ending July 31, 1969 bears to the number of full

calendar months in the taxpayer's entire-holding period for the property." (Ill. Rev. Stat. 1973, ch. 120, par. 2—203(e)(2)(B).) In the instant case, the number of months in the entire holding period (March 1, 1913, to October 31, 1972) was 716; and the number of months in the Trust's holding period prior to the date of the Act (March 1, 1913, to August 1, 1969) was 677. Thus, the Trust applied the ratio of 677/716 to the Federal gain of $3,560,093.53 and determined the valuation limitation amount to be $3,366,177.82. The Trust thereupon reduced its taxable gain by the valuation limitation amount to arrive at a net gain of $193,915.71. Applying a 4% tax rate, the Trust determined that it should have paid income taxes in the amount of $7,756.63 rather than $142,403.74. Therefore, the Trust requested a refund of Illinois income taxes in the amount of $134,647.11.

Although the claim for refund was filed on August 13, 1976, the Department of Revenue did not issue its notice of decision advising the Trust that the claim was denied until April 30, 1980. A corrected notice was issued on May 8, 1980. The Trust sought administrative review. The circuit court of Cook County affirmed the Department's decision, and this appeal followed.

The Illinois Income Tax Act, as originally enacted, did not provide a valuation limitation deduction.[1] However, a valuation limitation was inferred when in *Thorpe v. Mahin* (1969), 43 Ill. 2d 36, 250 N.E.2d 633, the Illinois Supreme Court determined that the legislature intended to tax only that portion of capital gains accruing after the Income Tax Act became effective. In 1971, the legislature amended the Income Tax Act and created the valuation limitation deduction for individuals, trusts and estates. (See Ill. Rev. Stat. 1973, ch. 120, pars. 2—203(a)(2)(F), 2—203(c)(2)(F).) The valuation limitation was not made applicable to corporations. See Ill. Rev. Stat. 1973, ch. 120, par. 2—203(b).

The Trust argues that without the valuation limitation deduction, the Illinois income tax, as applied to corporations, is an unconstitutional retroactive tax because it taxes corporate income realized from the sale of property that appreciated in value prior to the effective date of the Income Tax Act. The Trust contends that *Thorpe* held that the tax was a retroactive tax without the valuation limitation. The

---

[1]The Trust argues that the valuation limitation is not a deduction since it affects the amount of gain realized. For purposes of this opinion, however, we will refer to the valuation limitation as a deduction since the Illinois Income Tax Act provides that the valuation limitation amount is to be deducted from an individual's adjusted gross income and from the taxable income of trusts and estates. Ill. Rev. Stat. 1973, ch. 120, pars. 2—203(a)(2)(F), 2—203(c)(2)(F).

Trust argues that the legislature, by denying the valuation limitation deduction to corporations, ignored the judicial dictates in *Thorpe* and thus violated the separation of powers doctrine (Ill. Const. 1970, art. II, sec. 1). The Trust further contends that the trial court in the instant case acted improperly by ignoring *Thorpe* and ruling that the income tax was not an unconstitutional retroactive tax.

We reject the Trust's arguments since *Thorpe* did not determine whether the income tax, as it was originally enacted, was an unconstitutional retroactive tax. While recognizing that retroactive revenue laws may be unconstitutional if they are harsh and oppressive, the court eliminated the retroactive aspect of the Illinois income tax when it determined that the legislature intended to tax only that portion of capital gain accruing after the effective date of the Act. Furthermore, in *Mitchell v. Mahin* (1972), 51 Ill. 2d 452, 283 N.E.2d 465, *cert. denied* (1972), 409 U.S. 982, 34 L. Ed. 2d 245, 93 S. Ct. 317, the supreme court specifically stated that *Thorpe* was decided without reaching the question of whether retroactive application rendered the tax unconstitutional.[2] 51 Ill. 2d 452, 456, 283 N.E.2d 465, 467.

The constitutionality of the Income Tax Act was, however, decided by this court in *Warren Realty Co. v. Department of Revenue* (1978), 62 Ill. App. 3d 450, 379 N.E.2d 100. In that case, the court adopted the realization of income theory that had been recognized in Justice Davis' dissenting opinion in *Mitchell v. Mahin* (1972), 51 Ill. 2d 452, 458, 283 N.E.2d 465, 468. *Warren Realty* held that the Illinois income tax was not retroactive despite the fact that a portion of the gain taxed was attributable to increases in value occurring prior to the effective date of the Income Tax Act since the gain or profit was not realized until after such date.

In the case at bar, the Trust argues that *Warren Realty* should be rejected because this court unnecessarily discussed the retroactive taxation issue and because, absent alleged dilatory tactics by the Department of Revenue, the case at bar would have preceded *Warren Realty* at the appellate court level and would thus not have been controlled by *Warren Realty*.

---

[2]The Trust argues that conclusive proof that *Thorpe v. Mahin* (1969), 43 Ill. 2d 36, 250 N.E.2d 633, involved the question of retroactivity can be found in the following quote from *Bodine Electric Co. v. Allphin* (1980), 81 Ill. 2d 502, 511, 410 N.E.2d 828, 832-33: "[O]ur holding does not result in the retroactive imposition of tax liability, the problem that concerned the court in *Thorpe v. Mahin* *** and *Mitchell v. Mahin* ***." We do not find the Trust's argument persuasive, however. While retroactivity was mentioned in both cases, no rulings were rendered on that subject in those cases.

We are not persuaded by the Trust's arguments regarding the precedential value that should be accorded to *Warren Realty*. Furthermore, we note that the majority view in this country, as stated in *City National Bank v. Iowa State Tax Com.* (1960), 251 Iowa 603, 102 N.W.2d 381, is that a taxing act is not retroactive when it taxes gain or profit realized by the sale of property subsequent to the effective date of the income tax law, regardless of when the property sold increased in value.

■ The Trust attempts to distinguish *City National Bank* by the fact that the tax therein was applied to the gain on the sale of property that had appreciated over a 20-year period rather than a 56-year period as in the case at bar. However, the tax in that case could have applied to gains realized from appreciations occurring over a greater period had the facts so indicated. The Trust also contends that *City National Bank* actually supports its position because the court in that case began its opinion by citing the general rule that retroactive revenue laws could not be upheld if they went beyond a certain point in time. However, as stated above, the court in *City National Bank* determined that the tax in issue was not a retroactive tax because it applied to income from gain or profit realized after the effective date of the taxing statute. Thus, in accordance with *Warren Realty* and the majority view in this country as expressed in *City National Bank,* we find that the Illinois income tax is a tax on income realized after August 1, 1969, and that, therefore, the tax is not retroactive or unconstitutional.

The next issue raised by the Trust is whether the Income Tax Act unconstitutionally discriminates between the class of corporate taxpayers and the class of individuals, trusts and estates because the Act allows the valuation limitation deduction to the latter class but denies it to the former class.

■ Generally, the legislature has broad powers to make reasonable classifications in the field of taxation. Such classifications, however, must be based on real and substantial differences between persons taxed and those not taxed and they must bear some reasonable relation to the object of the legislation or to public policy. (*Hemmer v. Department of Revenue* (1968), 41 Ill. 2d 273, 242 N.E.2d 196.) One who assails the statute has the burden of showing how the legislature has violated the Constitution. (*Thorpe v. Mahin.*) The plaintiff in the case at bar contends that the Illinois Income Tax Act does not meet the foregoing standards because its distinction between taxpayers regarding the valuation limitation produces distorted results as between similarly situated taxpayers and because that distinction has no coun-

terpart in Federal tax law or the tax laws of other States.

■■ As stated in *Thorpe v. Mahin,* "there are sufficient differences between the privilege of earning or receiving income as a corporate entity and the privilege of earning or receiving income as an individual, trust or estate to justify their being taxed at a different rate." (43 Ill. 2d 36, 47, 250 N.E.2d 633, 639.) That court noted that corporations are likely to have lower net incomes for Illinois tax purposes than similarly situated individuals because individuals are taxed on their Federal adjusted gross income while corporations are taxed on their Federal taxable income. In reliance on *Thorpe,* this court in *Brown v. Department of Revenue* (1980), 89 Ill. App. 3d 238, 411 N.E.2d 882, stated that these differences justify the denial of the valuation limitation deduction to corporations. Thus, in accordance with *Thorpe* and *Brown,* we hold that the Illinois Income Tax Act does not unconstitutionally discriminate against corporations even though they are denied the valuation limitation deduction.

The final issue raised on appeal is whether the Trust should be treated as a corporation for Illinois income tax purposes when under Federal income tax laws it is treated as a real estate investment trust. The Trust contends that it is not a true corporation and does not receive the privileges and advantages that inhere to corporations and that, therefore, it should be treated like individuals, estates and trusts with regard to the valuation limitation deduction.

■■ For the taxable year concerned in the case at bar, section 857 of the Internal Revenue Code of 1954 (I.R.C. sec. 857) specified that a real estate investment trust would be taxed as an ordinary corporation unless 90% or more of its taxable income was distributed.[3] If such a distribution occurred, the trust would be taxed only on the balance of its retained income. As the trial court noted in the case at bar, the beneficiaries of a real estate investment trust could receive larger distributions than the shareholders of a corporation with similar income because the real estate investment trust is only taxed on its retained income. Thus, whether taxed as an ordinary corporation or in accordance with the provisions of section 857, the real estate investment trust received distinct privileges in earning or receiving income that were not enjoyed by individuals, estates or other trusts (see *Thorpe v. Mahin,* citing *Flint v. Stone Tracy Co.* (1911), 220 U.S. 107, 55 L. Ed. 389, 31 S. Ct. 342); and the differential treatment accorded those classes of taxpayers with regard to the valuation limita-

---

[3]After January 1, 1980, the required distribution is 95% of the real estate investment trust's taxable income.

tion deduction was proper.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

WHITE, P.J., and RIZZI, J., concur.