WEYERHAEUSER COMPANY, Plaintiff-Appellant, *v.* THE DEPARTMENT OF REVENUE, Defendant-Appellee.

First District (4th Division)   No. 81—2936

Opinion filed September 13, 1984.

David J. Creagan, Jr., and Paul V. Esposito, both of Chicago (Lewis,

Overbeck & Furman, of counsel), for appellant.

Tyrone C. Fahner, Attorney General, of Springfield (Paul J. Bargiel, Special Assistant Attorney General, and Doss, Puchalski, Keenan & Bargiel, Ltd., of counsel), for appellee.

JUSTICE ROMITI delivered the opinion of the court:

Plaintiff-appellant Weyerhaeuser Company appeals from an order of the circuit court of Cook County upholding the determination of defendant-appellee, the Department of Revenue of the State of Illinois, that Weyerhaeuser owed $102,349 in additional income taxes. This additional tax liability resulted from the department's disallowance of a claimed valuation limitation amount of $147,035,792.

We affirm.

In *Thorpe v. Mahin* (1969), 43 Ill. 2d 36, 250 N.E.2d 633, the Illinois Supreme Court upheld the validity of the Illinois Income Tax Act (Ill. Rev. Stat. 1979, ch. 120, par. 1—101 *et seq.*). In so doing, that court found that the legislature intended an August 1, 1969 (the effective date of the Act), valuation limitation in computing taxable gain on property. The court explained the valuation limitation as follows:

> "*** in computing taxable gain on property acquired prior to August 1, 1969, the basis is date of acquisition value or the August 1, 1969, value, whichever is greater; in computing a deductible loss on property acquired prior to August 1, 1969, the basis is the date of acquisition value or the August 1, 1969, value, whichever is less." (*Thorpe v. Mahin* (1969), 43 Ill. 2d 36, 54, 250 N.E.2d 633, 642.)

The Illinois legislature then expressly adopted this valuation limitation for individuals, trusts, and estates but excluded corporations. (Ill. Rev. Stat. 1973, ch. 120, pars. 2—203(a)(2)(F) and 2—203(c)(2)(F); see pars. 2—203(b) and 2—203(g).) These amendments were made applicable to all taxable years beginning after December 31, 1970.

Pursuant to Federal income tax law Weyerhaeuser has elected to utilize a taxable year which varies from 52 to 53 weeks and ends on the last Sunday in December. (26 U.S.C.A. sec. 441(f)(1978).) The taxable year at issue here began on December 28, 1970, and ended December 26, 1971.

When Weyerhaeuser filed its Illinois income tax return, it took the position that the amended statute eliminating the valuation limitation did not apply since its taxable year began on December 28, 1970, and the statutory amendment applied to taxable years beginning after December 31, 1970. The department disallowed the valuation limitation,

finding that the following provisions of the Federal statute dealing with 52-53 week accounting periods were applicable:

"(f) Election of year consisting of 52-53 weeks.

(1) General rule. A taxpayer who, in keeping his books, regularly computes his income on the basis of an annual period which varies from 52 to 53 weeks and ends always on the same day of the week and ends always—

(A) on whatever date such same day of the week last occurs in a calendar month, or

(B) on whatever date such same day of the week falls which is nearest to the last day of a calendar month,

may *** elect to compute his taxable income for purposes of this subtitle on the basis of such annual period. ***

(2) Special rules for 52-53 week year.

(A) Effective dates. In any case in which the effective date or the applicability of any provision of this title is expressed in terms of taxable years beginning, including, or ending with reference to a specified date which is the first or last day of a month, a taxable year described in paragraph (1) shall (except for purposes of the computation under section 21) be treated—

(i) as beginning with the first day of the calendar month beginning nearest to the first day of such taxable year, or

(ii) as ending with the last day of the calendar month ending nearest to the last day of such taxable year, as the case may be." (26 U.S.C.A. sec. 441(f)(1978).)

Application of this section transformed Weyerhaeuser's taxable year to one beginning January 1, 1971, and thus invalidated its deduction of the valuation limitation amount in computing its capital gains. On administrative review of the department's determination, the circuit court affirmed the department's position and also rejected certain constitutional objections raised by Weyerhaeuser in relation to the elimination of the valuation limitation for use by corporations.

■ The principal issue before us is the applicability of section 441(f)(2)(A) in determining what constitutes Weyerhaeuser's taxable year for purposes of determining the applicability of the statutory elimination of the valuation limitation for corporations. Section 1—102 of the Illinois Income Tax Code (Ill. Rev. Stat. 1983, ch. 120, par. 1—102) provides:

"Except as otherwise expressly provided or clearly appearing from the context, any term used in this Act shall have the

same meaning as when used in a comparable context in the United States Internal Revenue Code \*\*\*."

Thus, as a rule of construction, terms are to be given the same meaning for purposes of both State and Federal tax statutes. (*Bodine Electric Co. v. Allphin* (1980), 81 Ill. 2d 502, 410 N.E.2d 828.) Section 4—410(a) of the Illinois Income Tax Code (Ill. Rev. Stat. 1983, ch. 120, par. 4—401(a)) provides:

"(a) In general. For purposes of the tax imposed by this Act, the taxable year of a person shall be the same as the taxable year of such person for federal income tax purposes \*\*\*."

As we have noted, section 441(f)(2)(A) allows a taxpayer to select a 52-53 week fiscal year but also limits that right by providing that for purposes of determining the applicability of statutes which become effective on the first day of a month such 52-53 week fiscal years will be treated as beginning with the first day of the calendar month beginning nearest to the first day of that taxable year. We find no basis for concluding that in determining what constitutes a 52-53 week fiscal year as defined in the Federal statute we should be limited to only the first, permissive, portion of that statute. The second portion is applicable because the Illinois statute setting out the effective date for abolition of the deduction is expressed in terms of a taxable year beginning with the first day of a month, namely January 1, 1971. Thus, we conclude that the department was justified in determining that Weyerhaeuser was not entitled to the valuation limitation deduction.

This conclusion is supported by an analogous Connecticut case, *Eastman Kodak Co. v. Sullivan* (1975), 32 Conn. Supp. 127, 342 A.2d 913. There the applicable Connecticut statute specifically permitted a taxpayer to elect a 52-53 week fiscal year in accordance with the provisions of the Federal internal revenue code. The court examined the same Federal statute at issue here and determined that the provisions relating to special rules for applying the effective dates of statutes to 52-53 week fiscal years were incorporated by reference into the State law, not just that portion of the Federal statute permitting the adoption of such a fiscal year.

Weyerhaeuser relies on *Allentown Wholesale Grocery Co. v. Commonwealth* (1972), 5 Pa. Comm. 426, 291 A.2d 336, in which the court held that a corporate taxpayer with a 52-53 week fiscal year beginning December 29, 1968, was not liable for increased tax rates statutorily applicable to fiscal years beginning in 1969 or for calendar years 1969 and thereafter. Nothing in that opinion indicates that the Pennsylvania statute incorporated or even referred to Federal tax definitions. Although the court referred to the definition of a fiscal

year contained in the Federal statute at issue here, this was only to reinforce its determination that the taxpayer was not using a calendar year, a crucial distinction under the Pennsylvania statute. Thus, that case was decided solely under Pennsylvania statutes and has no applicability to this cause. We are also not persuaded by an Idaho Tax Court decision cited by Weyerhaeuser, In the Matter of the Protest of Weyerhaeuser Co. (1974), Docket C—462. There, a capital gains deduction abolition effective January 1, 1971, was held to be still available to the taxpayer, which had adopted a 52-53 week fiscal year beginning December 28, 1970. Although the Idaho court referred to the Federal provision allowing the use of 52-53 week fiscal years, there is no indication in its one-page opinion that the court was even cognizant of the special rules also contained in the statute which would apply in determining the applicability of effective dates of statutes to 52-53 week fiscal years.

In its brief Weyerhaeuser has also incorporated by reference (with the express permission of this court) certain constitutional challenges to the statutory abolition of the valuation limitation for corporations which were contained in a case then pending before the Third Division of the First District of this court, *Chapman v. Department of Revenue* (1982), 110 Ill. App. 3d 82, 441 N.E.2d 1156. In pertinent part the appellants in *Chapman* contended that the statute denied to corporate taxpayers the equal protection of the laws and due process. *Chapman* has since been decided, with the court holding that the legislature acted reasonably in denying this deduction to corporations because of differences in the manner in which corporations are taxed. (*Chapman v. Department of Revenue* (1982), 110 Ill. App. 3d 82, 441 N.E.2d 1156; see *Brown v. Illinois Department of Revenue* (1980), 89 Ill. App. 3d 238, 411 N.E.2d 882; *Thorpe v. Mahin* (1969), 43 Ill. 2d 36, 250 N.E.2d 633.) We find no basis for differing with the holding of the *Chapman* court.

For the foregoing reasons the judgment of the trial court is affirmed.

Judgment affirmed.

LINN, P.J., and JIGANTI, J., concur.